UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
GEORGE T. ABRAHAM,

                     *Plaintiff*,

       -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                     *Defendant*.
------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

06-CV-01053 (KAM)(LB)

**MATSUMOTO, United States District Judge**:

        Plaintiff George T. Abraham ("plaintiff") seeks to voluntarily dismiss his New York City Human Rights Law ("NYCHRL") claim without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). (*See generally* ECF No. 62, Mot. for Voluntary Dismissal Without Prejudice ("Mot."); *see also* ECF No. 63, Mem. of Law in Supp. of Mot. for Voluntary Dismissal Without Prejudice ("Pl. Mem.") at 2.) Defendant New York City Department of Education ("defendant") opposes, asserting that defendant would be prejudiced if plaintiff is permitted to dismiss his NYCHRL claims without prejudice. (*See* ECF No. 66, Mem. of Law in Opp'n to Mot. for Voluntary Dismissal Without Prejudice ("Def. Mem.") at 10.) For the reasons set forth below, plaintiff's motion to dismiss without prejudice is granted.

## BACKGROUND

Plaintiff initiated this action on March 8, 2006, alleging that defendant discriminated against him on the basis of his race, color and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended ("Title VII"), New York State Human Rights Law, Executive Law §§ 290 *et seq.* ("NYSHRL"), and New York City Human Rights Law, Administrative Code §§ 8-101 *et seq.* ("NYCHRL"). (*See* ECF Docket; ECF No. 1, Compl.; *see also* Pl. Mem. at 1; ECF No. 11, First Am. Compl. at 1.) On October 9, 2008, defendant moved for summary judgment. (*See* ECF No. 35, Mot. Summ. J.) By Memorandum and Order dated April 30, 2009, this court granted defendant's summary judgment motion as to all claims. (*See* ECF No. 49, Order Granting Mot. Summ. J.) Plaintiff filed a notice of appeal on or about May 26, 2009. (*See* ECF No. 51, Notice of Appeal.) The Second Circuit affirmed this court's dismissal of plaintiff's Title VII and NYSHRL claims, but vacated this court's dismissal of plaintiff's NYCHRL claim on the ground that the NYCHRL claim requires a separate analysis from its federal and state law counterparts. (*See* ECF No. 55, Mandate of U.S. Court of Appeals ("Mandate") at 4-5.) Plaintiff now moves for dismissal without prejudice of his remaining NYCHRL claim pursuant to Federal Rule of Civil Procedure 41(a)(2). (*See* Mot.; Pl. Mem. at 2.)

## APPLICABLE LAW

### I.  Supplemental Jurisdiction

In an action where a federal court has original jurisdiction over federal claims, the court may exercise supplemental jurisdiction over related state-law claims.  *See* 28 U.S.C. § 1367(a).  When all federal claims have been dismissed, the district court has discretion whether to continue to assert supplemental jurisdiction over the remaining state claims or to dismiss them to be re-filed in state court.  *See* 28 U.S.C. § 1367(c)(3).  In exercising its discretion, the court must balance four factors: "judicial economy, convenience, fairness, and comity."  *Carnegie-Mellon Univ. et al. v. Cohill et al.*, 484 U.S. 343, 350 (1988).

It is well established that a district court should avoid "[n]eedless decisions of state law . . . both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Thus, "'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims.'"

*Volmar v. N. Shore Hosp.*, 216 F. App'x 136, 137-38 (2d Cir. Feb. 13, 2007) (*quoting Cohill*, 484 U.S. at 350 n.7).

## II.  NYCHRL

The Local Civil Rights Restoration Act of 2005, N.Y.C. Local Law No. 85 (2005) (the "Restoration Act"), requires that claims brought under the NYCHRL be evaluated separately from their federal and state law counterparts, such as Title VII and the NYSHRL.  *See Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278-79 (2d Cir. 2009) (*citing Williams v. N.Y. City Hous. Auth.*, 872 N.Y.S.2d 27, 31 (N.Y. App. Div. 2009)).  The NYCHRL now explicitly requires an independent liberal analysis targeted at fulfilling the NYCHRL's 'uniquely broad and remedial' purposes, which go beyond those of Title VII and the NYSHRL. *See id.* at 278 (*quoting* the Restoration Act).

Since this is an evolving area of law, the Second Circuit, on remanding a single NYCHRL claim, has previously advised a district court that it "may consider [whether] this area of law would benefit from further development in the state courts, and for that reason dismiss the claim without prejudice to refiling in state court."  *Kolenovic v. ABM Indus. Inc.*, 361 F. App'x 246, 248 (2d Cir. Jan. 21, 2010).

### DISCUSSION

In this case, the court had original jurisdiction over plaintiff's Title VII claim and supplemental jurisdiction over

plaintiff's NYSHRL and NYCHRL claims.  The dismissal of the
Title VII and NYSHRL claims has been affirmed by the Second
Circuit on appeal.  (*See generally* Mandate.)  On remand, the
only remaining claim is plaintiff's NYCHRL claim.  As explained
above, the court has discretion whether to continue to assert
supplemental jurisdiction over the NYCHRL claim.

     Defendant argues that the court should retain
supplemental jurisdiction over plaintiff's NYCHRL claim in the
interest of judicial economy and fairness, and asserts that
plaintiff's NYCHRL claim does not present a novel or unsettled
issue of New York law.  (*See* Def. Mem. at 5-9.)  As noted above,
however, the Second Circuit has advised that a district court
may consider whether this area of law would benefit from further
development in state courts.  *See Kolenovic*, 361 F. App'x at
248.  Given the relatively recent change in the NYCHRL law, this
court believes that it would, and therefore declines to exercise
supplemental jurisdiction over plaintiff's NYCHRL claim.  *See
Dent v. U.S. Tennis Ass'n*, No. 08-CV-1533, 2011 WL 308417, at *
9 (E.D.N.Y. Jan. 27, 2011) (citing to *Kolenovic* and declining to
exercise supplemental jurisdiction over plaintiff's NYCHRL
claims).

     Defendant further contends that it would be
substantially prejudiced if plaintiff was permitted to dismiss
his NYCHRL claim without prejudice in order to re-file in state

court because "during discovery, defendant incurred a great deal of expense by producing over thirty-five hundred documents to the plaintiff; taking the plaintiff's deposition; defending three depositions taken by the plaintiff; and making an extensive motion for summary judgment" and that "[g]ranting this motion would require defendant to reincur these expenses." (Def. Mem. at 10.) The court agrees that, as reflected by the record, the parties engaged in substantial discovery in this case. (*See* ECF Docket.) Defendant is entitled to raise this matter with the state court, should plaintiff decide to pursue his NYCHRL claim in that venue. Ultimately, however, whether discovery should be reopened is a question left to the sound discretion of the state court.

## CONCLUSION

For the foregoing reasons, the court declines to exercise jurisdiction over plaintiff's remaining NYCHRL law claim. The NYCHRL claim is dismissed without prejudice. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:    March 11, 2011
          Brooklyn, New York


                              _____/s/_____
                              **KIYO A. MATSUMOTO**
                              United States District Judge
                              Eastern District of New York